SUMMARY ORDER

Jin Xie Ye, a native and citizen of the People’s Republic of China (“China”), *28 seeks review of an August 30, 2007 order of the BIA, vacating the November 21, 2003 decision of Immigration Judge (“IJ”) George Chew, which granted her application for asylum. In re Jin Xie Ye, No. A096 253 582 (B.I.A. Aug. 30, 2007), vacating No. A096 253 582 (Immig. Ct. N.Y. City Nov. 21, 2003). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mulcasey, 529 F.3d 99, 110 (2d Cir.2008).
Ye argues that the BIA erred in concluding that she failed to demonstrate eligibility for asylum, withholding of removal, and CAT relief. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir. 2008). Further, there is nothing in the BIA’s decision compelling the conclusion that it failed to take into account all of Ye’s evidence as we “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006).
Although Ye requests that this Court take judicial notice of external documents, we will not remand for the BIA to consider evidence that was not in the administrative record. See 8 U.S.C. § 1252(b)(4)(A); Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007). Further, contrary to Ye’s argument that the BIA committed legal error by examining the record evidence de novo, the BIA properly made a legal determination that her evidence failed to demonstrate the objective reasonableness of her fear. See Jian Hui Shao, 546 F.3d at 162-63 (citing Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004)).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule (b).